IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**UNITED STATES OF AMERICA**

V.                                                                                    4:02CR00177-JMM

**RODRICHO MARTIN**

## ORDER

Pending is the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Government has responded to the motion. The Petitioner has also filed a reply. For the reasons set forth below, the Motion is DENIED.

On September 17, 2003, Petitioner was convicted by a jury of interference with interstate commerce by threat or violence, a violation of 18 U.S.C. § 1951, and using a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c). He was sentenced to 63 months on Count 1 and 120 months on Count 2, to be served consecutively.

The Defendant filed an appeal with the Eighth Circuit. The jury's verdict and the Court's sentence were affirmed. *United States v. Martin*, 391 F.3d 949 (8th Cir. 2004).

In Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, he argues that his counsel was ineffective in five different areas:

1. His attorney was ineffective for failing to argue at trial or on appeal that he could not be found guilty under § 924(c) because he did not possess the gun during the robbery;

2. His attorney was ineffective for failing to argue that he could only be held liable under § 924(c) for accomplice liability under the *Pinkerton* theory;

3. His attorney was ineffective for failing to argue that the firearm discharge was

accidental and therefore, Petitioner could not legally be convicted of "knowingly" discharging a firearm;

4. His attorney was ineffective for failing to argue that he should only have been held responsible for a sentencing enhancement for the firearm; and

5. His counsel was ineffective for failing to raise all of these issues on appeal.

To obtain relief on his ineffective assistance of counsel claim, Petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694.

Petitioner's arguments concern his firearm conviction under 18 U.S.C. § 924(c). These arguments are similar to the arguments made by the petitioner in *U.S. v. Rodger*, 100 F.3d 90 (8th Cir. 1996)(per curiam). In *Rodger*, the evidence at trial proved that Rodger's brother carried and brandished a firearm during the robbery. There was no evidence that Rodger personally carried the firearm. In fact, Rodger testified that he did not know anything about the robbery. However, the jury found otherwise and convicted Rodger of armed robbery, conspiring to commit bank robbery, and using and carrying a firearm during and in relation to a crime of violence under § 924(c). The district court found that the evidence was sufficient to convict

Rodger of a § 924(c) "carry" violation under "established principles of coconspirator liability." *Rodger*, 100 F.3d at 91(citing *Bailey v. U.S.*, 516 U.S. 137 (1995)). In his § 2255 motion, Rodger argued that his § 924(c) conviction should be set aside because he did not "use" a firearm as defined in *Bailey v. U.S.* The Eighth Circuit Court of Appeals denied his motion. The Eighth Circuit held that the evidence was sufficient to convict Rodger of § 924(c) liability under *Bailey*. The court stated, "We believe *Bailey* does not preclude the continued application of a coconspirator theory of liability to section 924(c)(1) offesees." *Rodger*, 100 F.3d at 91.

The Court finds the *Rodger* case to be persuasive here. The evidence at Petitioner's trial was that during the robbery of Michael Motors Company on March 29, 2002, Petitioner and one of his co-perpetrators, Larry Taggart, accompanied David Michael, the proprietor, into the business office under the guise of filling out credit information. Larry Taggart struck Mr. Michael on the head with a pistol. Petitioner fought with Michael. Petitioner told Larry Taggart to shoot Michael and the gun was discharged. Tr. 92-95, 244-249.

The jury, the Court, and the Eighth Circuit Court of Appeals found this evidence sufficient to convict Petitioner of the Section 924(c) violation. The Eighth Circuit allows coconspirator liability in a section 924(c)(1) offense. *U.S. v. Rodger*, 100 F.3d 90 (8th Cir. 1996). Therefore, Plaintiff cannot prove he was prejudiced by his counsel's failure to argue that he could not be convicted under section 924(c).

Petitioner argues that he could only be held liable under § 924(c) for accomplice liability under the *Pinkerton* theory and that his counsel was ineffective for failing to make this argument. "The *Pinkerton* doctrine exists to punish conspirators for crimes committed by a coconspirator that are not the object of the conspiracy itself but are foreseeable and in furtherance of the conspiracy. Pursuant to *Pinkerton*, a conspirator [can] be held guilty of the substantive offense

even though he did no more than join the conspiracy, provided that the substantive offense was committed in furtherance of the conspiracy and as a part of it." *U.S. v. Zackery*, 494 F.3d 644, 650 (8th Cir. 2007)(internal citations omitted). A conspiracy need not be charged in the indictment for a defendant to be held liable under the *Pinkerton* theory of liability and an indictment need not plead the government's theory of liability. *Id.* Petitioner fails to state any facts which would support his assertion that he had ineffective assistance of counsel based upon his counsel's failure to argue that he could only be held liable under § 924(c) for accomplice liability under the *Pinkerton* theory.

Petitioner's remaining arguments, that the gun was fired accidentally and that his conduct should have been considered as a sentencing enhancement instead of a violation of section 924(c), are without merit. Counsel's decision to make particular arguments, and not others, is a matter of strategy which should not be second-guessed.

> [T]he courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed in the proceedings to that point, and his best judgment as to the attitudes and sympathies of judge and jury. The fact that the choice made later proves to have been unsound does not require a finding of ineffectiveness. The petitioner bears the burden of successfully challenging particular acts and omissions of his attorney which were not the result of reasonable professional judgment; it is not enough to complain after the fact that he lost, when in fact the strategy at trial may have been reasonable in the face of an unfavorable case.

*Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987). Further there is no evidence that the results of Petitioner's trial or sentence would have been different had his counsel made these argument.

Petitioner is not entitled to an evidentiary hearing in this case. *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994)(A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face...."). Petitioner has neither shown that his trial counsel's

performance was deficient nor that, but for his trial counsel's errors, the result would have been different.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED (Docket # 136 and 145).

IT IS SO ORDERED this 10th day of December 2008.

James M. Moody
United States District Judge